UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MICHAEL GLASER )
)
)
Plaintiff, )
)
v. ) Case No. 1:14-cv-01726 (LMB/IDD)
)
RICHARD HAGEN, *et. al.* )
)
Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Michael Glaser's ("Plaintiff") Motion for Default Judgment against Defendants Richard Hagen and Marie Hagen (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 10.) After neither Defendants nor a licensed attorney for Defendants appeared at the hearing on May 8, 2015, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, the supporting affidavits and documentation thereto, and relevant portions of the underlying record, the undersigned Magistrate Judge recommends that Plaintiff's motion be **GRANTED in part and DENIED in part**.

### I. INTRODUCTION

On December 18, 2014, Plaintiff filed a Complaint against Defendants, alleging actual fraud, constructive fraud, conversion, money had and received, unjust enrichment, and breach of contract. (Compl. ¶¶ 38–75 .) Plaintiff has moved for default judgment against Defendants and seeks damages in the amount of $478, 929.09, including attorney's fees and costs. (*See* Dkt. No. 11 at 9.) After Defendants failed to respond to Plaintiff's Complaint or appear at any

1

proceedings in the matter, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000. Plaintiff is an individual resident of Virginia. (Compl. ¶ 1.) Defendants Richard Hagen and Marie Hagen are both individual residents of Maryland. (*Id.* ¶ 2.) Thus, because the parties are completely diverse and the amount in controversy exceeds $75,000, the Court has valid subject matter jurisdiction. Venue is also proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in this district. (*Id.* ¶ 4.)

This Court has personal jurisdiction over Mr. Hagen pursuant to Virginia Code § 8.01-328.1(A)(1) because Mr. Hagen transacted business in the Commonwealth of Virginia, and this cause of action arose from that business. (*Id.* ¶ 4.) The undersigned finds, however, that this Court does not have personal jurisdiction over Ms. Hagen.

A federal court may exercise personal jurisdiction over a non-resident in the manner provided for by the law of the state in which it sits. *Consulting Eng'rs Corp. v. Geometric, Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). Because Virginia's long-arm statute is interpreted to extend personal jurisdiction to the fullest extent permitted by due process, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) (citations omitted). To satisfy the requirements of due process, a defendant must have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of

fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Specific jurisdiction exists where the defendant "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citations and internal quotation marks omitted). "[G]eneral jurisdiction exists for claims entirely distinct from the defendant's in-state activities when a defendant's activities in the state have been 'continuous and systematic.'" *Hunt v. Calhoun Cnty. Bank, Inc.*, 8 F. Supp. 3d 720, 726 (E.D. Va. 2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.9 (1984)).

The Fourth Circuit "has synthesized the due process requirements for asserting specific jurisdiction [into] a three part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp.*, 561 F.3d at 278.

Here, Plaintiff fails to allege sufficient contacts to establish either specific or general jurisdiction over Ms. Hagen. Plaintiff does not assert that Ms. Hagen has continuous or systematic contacts with Virginia, and there are no allegations that she has ever been physically present in Virginia, owned property in Virginia, or engaged in significant business activities in Virginia. As discussed further below, Plaintiff alleges no facts to show that Ms. Hagen made false statements to Plaintiff in Virginia or formed a contract or quasi contract with Plaintiff in Virginia. Plaintiff alleges that Ms. Hagen converted Plaintiff's funds which were held in a bank account in Ms. Hagen's name. However, Plaintiff does not allege any facts about the location of the bank account. At most, the record shows that Ms. Hagen (1) knew that funds were transferred into her account from Virginia, (2) knew that Mr. Hagen communicated with Plaintiff

3

while Plaintiff was in Virginia, and (3) knew that Mr. Hagen caused oral and written communications to be sent to Plaintiff in Virginia. Knowledge of another's actions does not amount to purposeful availment. Therefore, the undersigned finds that this Court does not have personal jurisdiction over Ms. Hagen. Because the undersigned finds that this Court does not have personal jurisdiction over Ms. Hagen, the undersigned recommends that the Motion for Default Judgment be denied as to Ms. Hagen.[1]

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Miss. Publ'g Corp. v. Murphee*, 326 U.S. 438, 444–45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing the district court's entry of default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint). Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur.

---

[1] Fourth Circuit case law appears to be unsettled regarding whether a court should raise the issue of personal jurisdiction *sua sponte*. *Compare Williams v. Advertising Sex, LLC*, 410 Fed. Appx. 578, 580 (4th Cir. 2011) (declining to address the issue), *with Freedom Hawk Kayak, LLC v. Ya Tai Electric Appliances Co. Ltd.*, 908 F. Supp. 2d 763, 766 (W.D. Va. 2012) (acknowledging *Williams* but stating that "[i]n the absence of personal jurisdiction, the court should decline to enter a default judgment and *sua sponte* dismiss an action"). However, "it is uniformly accepted that a default judgment is void when rendered against a defendant over whom a court does not have personal jurisdiction." *Headstrong Corp. v. Jha*, No. 3:05-cv-813-HEH, 2007 WL 1238621, at *3 (E.D. Va. Apr. 27, 2007) (citing *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998)).

4

Under Rule 4(e)(1), individuals may be served pursuant to the rules for service in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under section 8.01-296 of the Code of Virginia, if the party to be served is not found in his place of abode, the process server may properly serve an individual by posting the summons and complaint at the front door of the individual's place of abode, mailing a copy of the summons and complaint to the individual to be served, and filing a certificate of the mailing with the Clerk of Court. VA. CODE ANN. § 8.01-296 (2015).

On February 22, 2015, a private process server posted the Summons, Notice, and Complaint on the front door of Richard Hagen's place of abode, as Mr. Hagen was not found at the residence. (Dkt. No. 6.) On March 25, 2015, Plaintiff mailed the Summons and Complaint to Mr. Hagen. (Dkt. No. 7–1.) Plaintiff filed a notice of the mailing with the Clerk of Court on March 26, 2015. (Dkt. No. 8.) Therefore, Plaintiff properly served Defendant Richard Hagen pursuant to Rule 4(e)(1) and Code of Virginia section 8.01-296.

### C. Grounds for Entry of Default

On December 18, 2014, Plaintiff filed a Complaint against Defendants seeking to collect unpaid and past due sums from them. (Compl.) A private process server served Defendant Marie Hagen on January 13, 2015 and Defendant Richard Hagen on February 22, 2015. (Dkt. Nos. 3, 6–8.) On February 11, 2015, after Defendants failed to respond, the Honorable United States District Judge Leonie M. Brinkema ordered Plaintiff to seek and obtain default and file a motion for default judgment against Defendants. (Dkt. No. 5.) On March 26, 2015, Plaintiff filed a request for entry of default (Dkt. No. 7.) The Clerk entered default against Defendants on March 30, 2015. (Dkt. No. 9.) On April 14, 2015, Plaintiff filed this Motion for Default Judgment. (Dkt. No. 10.) This Court held a hearing on the matter on May 8, 2015. (Dkt. No.

15.) After Defendants failed to appear at the May 8, 2015 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, and the memorandum and affidavits in support thereof.

Plaintiff is an individual resident of Virginia. (Compl. ¶ 1.) Defendants Marie Hagen and Richard Hagen are individual residents of Maryland. (*Id.* ¶ 2.) Marie Hagen is the mother of Richard Hagen. (*Id.*) Plaintiff and Mr. Hagen met in 2001, when both worked at Unisys in Virginia. (*Id.* ¶ 5.) Beginning in 2003, Mr. Hagen periodically approached Plaintiff with offers to invest in various business ventures. (*Id.* ¶ 8.) From 2003 to 2005, Plaintiff made approximately five investments of $1000 to $15,000 each and received his principal plus a return of 10 to 15 percent on each investment. (*Id.* ¶¶ 12–13.) From 2008 to 2010, Plaintiff made two investments of $150,000 each, both of which he eventually decided to withdraw early. (*Id.* ¶¶ 14–20.) Mr. Hagen repaid Plaintiff in full for both withdrawn investments. (*Id.* ¶¶ 16, 20.)

In 2014, Mr. Hagen offered Plaintiff the opportunity to make an investment related to Mr. Hagen's uncles' sale of a convenience store chain. (*Id.* ¶¶ 21–22.) Mr. Hagen requested that Plaintiff invest $400,000 to $500,000, which would create a return of $1.4 to $2.1 million. (*Id.* ¶¶ 23–24.) Rather than investing, Plaintiff agreed to lend Mr. Hagen $135,000, which was to be returned within five business days of the loan date. (*Id.* ¶ 25.) Plaintiff loaned Mr. Hagen $135,000 on May 28, 2014. (*Id.* ¶ 26.) Plaintiff obtained the funds through the use of a home equity loan. (*Id.*) As Mr. Hagen instructed, Plaintiff wired the funds into an account in the name

of Defendant Marie Hagen, Mr. Hagen's mother. (*Id.* ¶ 27.) Neither Defendant repaid the loan within five business days. (*Id.* ¶ 29.)

Beginning in June 2014, Plaintiff contacted Mr. Hagen several times to ask that the loan be returned. (*Id.* ¶¶ 30–33.) Mr. Hagen responded by telling Plaintiff, at different times, that there was a delay in the convenience store deal, that a courier was delivering the check, and that he would repay Plaintiff "tomorrow." (*Id.*) Mr. Hagen also sent Plaintiff an unsigned check on one occasion. (*Id.* ¶ 33.) In September 2014, Mr. Hagen stopped communicating with Plaintiff altogether. (*Id.* ¶ 34.) At the time of filing of Plaintiff's Motion for Default Judgment, Defendants had still not returned the money loaned. (Dkt. No. 13 at 3.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a claim). A defendant in default concedes the factual allegations of the complaint. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (noting default judgment has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v.*

*Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679.)

### A. Actual Fraud, Constructive Fraud, and Conversion

Plaintiff seeks to recover on the tort claims of actual fraud, constructive fraud, and conversion. The Virginia Supreme Court[2] has advised that, under the economic loss doctrine, "an omission or non-performance of a duty may sound in both contract and in tort, but only where the omission or non-performance of the contractual duty also violates a common law duty." *Station #2, LLC v. Lynch*, 695 S.E.2d 537, 540 (Va. 2010); *see also Abi-Najm v. Concord Condo., LLC*, 699 S.E.2d 483, 488–89 (Va. 2010). Therefore, "the determination whether a cause of action sounds in contract or tort depends on the source of the duty violated." *Augusta*

---

[2] In this diversity action, the choice of law principles of the forum state, Virginia, govern. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Virginia law, the place of injury supplies the governing law in tort actions. *C.I.T. Corp. v. Guy*, 195 S.E.2d 659, 663 (Va. 1938); *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 633 n.9 (E.D. Va. 2001). Here, Plaintiff was injured in Virginia. Therefore, Virginia law applies.

*Mut. Ins. Co. v. Mason*, 645 S.E.2d 290, 294 (2007) (citing *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 347 (1998)). When fraud is alleged to have been perpetrated before a contract came into existence, the source of the duty allegedly breached cannot be the contract. *Abi-Najm*, 699 S.E.2d at 490. Thus, fraud in the inducement of a contract is ground for actions in both contract and tort. *Id.* at 489.

### *1. Actual and Constructive Fraud*

In this case, Plaintiff alleges that Mr. Hagen committed fraud by making false statements to Plaintiff before the contract was formed, for the purpose of convincing Plaintiff to enter into the contract. (Compl. ¶¶ 39, 46.) Because Plaintiff alleges that the fraud took place before Plaintiff and Mr. Hagen entered into the contract, the economic loss doctrine does not defeat Plaintiff's fraud claims.

Although Plaintiff's fraud claims are not defeated by the economic loss doctrine, the undersigned finds that Plaintiff's fraud claims fail because Plaintiff did not plead fraud with particularity, pursuant to Federal Rule of Civil Procedure 9(b). To state a claim for actual fraud under Virginia law, Plaintiff must plead the following six elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Evaluation Research Corp. v. Alequin*, 439 S.E.2d 387, 390 (1994). That is, a finding of actual fraud requires a showing "that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation." *Id.*

The elements of a claim for constructive fraud are the same as the elements of actual fraud, except for the intent element. *Id.* To properly plead a claim of constructive fraud, a

plaintiff must show that the false representation of material fact was made innocently or negligently, not intentionally and knowingly. *Id.*

In cases where a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) provides that the plaintiff must plead such fraud with particularity. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783–84 (4th Cir. 1999). To meet the more stringent pleading standard for fraud, a plaintiff must set forth "the time, place, and content of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." *Id.* at 784 (internal quotation marks and citations omitted). Failure to comply with Rule 9(b) will result in dismissal of the claim. *Id.* at 783 n.5.

Generally, "[a]llegations pleaded on information and belief do not meet Rule 9(b)'s particularity requirement." *Degraw v. Wike*, No. 2:10-cv-435, 2011 WL 3268578, at *2 (E.D. Va. May 9, 2011) (quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783–84 (8th Cir. 2009)). When facts necessary to plead fraud with particularity are uniquely within the opposing party's knowledge, allegations may be pleaded on information and belief if they are "accompanied by a statement of facts on which the belief is founded." *Id.* (quoting *Drobnak*, 561 F.3d at 783–84). Under these circumstances, "a complaint must delineate at least the nature and scope of plaintiffs' efforts to obtain...the information needed to plead with particularity." *Id.* (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 285 (3d Cir. 1992)).[3]

In his Complaint, Plaintiff concludes that Mr. Hagen falsely represented that the convenience store deal was in its final stages; that he was looking for funds to buy out other investors; that the deal would generate a profit; that, if Plaintiff invested, he would receive a

---

[3] Although the Fourth Circuit has yet to address the issue, several United States Courts of Appeals, in addition to the Eighth and Third Circuits, are in agreement that allegations pleaded on information and belief do not satisfy Rule 9(b). *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330–31 & n.7 (Fed. Cir. 2009); *Kowal v. MCI Commc'n Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir. 1991); *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990); *Moore v. Kayport Package Express, Inc.*, 855 F.2d 531, 540 (9th Cir. 1989).

large return; and that, if Plaintiff made him a loan, he would repay it within five days. (Compl. ¶¶ 39, 46.) The only fact that Plaintiff alleges to support the conclusion that these statements were false is that, "[t]o the best of Plaintiff's knowledge, it is now apparent that the convenience store venture did not exist." (*Id.* at ¶ 33.) The undersigned finds that this allegation is essentially an allegation on information and belief. Even assuming, *arguendo*, that the facts necessary to plead false representation with particularity in this case are uniquely within Mr. Hagen's knowledge, Plaintiff has not fulfilled the Rule 9(b) requirement. Plaintiff includes neither a statement of facts on which the belief is founded nor an explanation of Plaintiff's efforts to obtain the information needed to plead with particularity. Therefore, the undersigned finds that Plaintiff has failed to plead the first element of both actual and constructive fraud, a false representation, with particularity pursuant to Federal Rule of Civil Procedure 9(b). Because Plaintiff failed to comply with Rule 9(b), the undersigned recommends that Plaintiff's Motion for Default Judgment on the counts of actual and constructive fraud be denied.

### 2. *Conversion*

Unlike Plaintiff's fraud claims, Plaintiff's conversion claim is defeated by the economic loss doctrine. Under Virginia law, a plaintiff asserting a claim of conversion must show "(i) the ownership or right to possession of the property at the time of the conversion and (ii) the wrongful exercise of dominion or control by defendant over the plaintiff's property, thus depriving plaintiff of possession." *Gordon v. Pete's Auto Serv. Of Denbigh, Inc.*, 837 F. Supp. 2d 581, 585 (E.D. Va. 2011). In support of his conversion claim, Plaintiff alleges that Mr. Hagen wrongfully exercised control over Plaintiff's funds by failing to return the loan after five business days lapsed. (Compl. ¶¶ 52–58.) The only duty Plaintiff alleges as to Mr. Hagen is his duty under the contract to repay the loan within five business days. Plaintiff alleges no other

common law duty to repay the funds. Thus, Plaintiff's claim that Mr. Hagen wrongfully retained the funds sounds only in contract. Because Plaintiff's claim sounds only in contract, the undersigned finds that Plaintiff has not pled a proper claim against Mr. Hagen for the tort of conversion and recommends that Plaintiff's Motion for Default Judgment be denied as to the conversion claim.

### B. Breach of Contract, Unjust Enrichment, and Money Had and Received

Plaintiff also seeks to recover on breach of contract, unjust enrichment, and money had and received claims. Because Plaintiff seeks to recover nearly the same relief on each of these counts,[4] the following recommendation is limited to breach of contract, where Plaintiff has alleged sufficient facts to support a finding of liability against Defendant Richard Hagen.

Under Virginia law,[5] a plaintiff properly pleads a breach of contract claim where he alleges that (1) the defendant had a legally enforceable obligation, (2) the defendant materially breached that obligation, and (3) such breach caused the plaintiff damage. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). A plaintiff must prove damages with reasonable certainty; contingent, speculative, or uncertain damages are not recoverable. *See Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009).

Here, Plaintiff has alleged sufficient facts to demonstrate that he and Defendant Richard Hagen entered into a legally enforceable obligation. Pursuant to the agreement, Plaintiff provided Mr. Hagen with a loan of $135,000, which Mr. Hagen was to repay within five business days. (Compl. ¶ 25.) Mr. Hagen materially breached the obligation by failing to return Plaintiff's funds. (*Id.* ¶¶ 29, 35.) Mr. Hagen's breach caused Plaintiff financial damage, as Mr.

---

[4] Plaintiff alleges, in the alternative, damages in the amount of $141,966.00 for money had and received or $143,803.59 for unjust enrichment or breach of contract. (Dkt. No. 13 at 10, 12–13.)

[5] In evaluating Plaintiff's breach of contract claim, this Court applies Virginia law. Virginia's choice of law rules dictate that a breach of contract claim is governed by the law of the place of performance. *Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.*, 514 F.2d 565, 567 (4th Cir. 1975). Here, Defendant Richard Hagen was obligated to perform by repaying the loan to Plaintiff in Virginia. Therefore, Virginia law controls.

Hagen owes Plaintiff $135,000 under the terms of the agreement. These damages are not speculative and can be proven with reasonable certainty. Therefore, the undersigned finds that Plaintiff has properly established a breach of contract claim against Mr. Hagen and recommends that Plaintiff's Motion for Default Judgment be granted as to the breach of contract claim.

## IV. REQUESTED RELIEF

### A. Damages

In a default case, the plaintiff's factual allegations are accepted as true for all purposes except in determining damages. To support a claim for damages, a plaintiff must provide an appropriate basis for the Court to determine whether it is entitled to the relief sought. A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Furthermore, in default cases in this district, "there can be no recovery over the amount pled in the complaint." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *see also Cumberlander v. KCL Site Servs., LLC*, No. 08-994, 2009 WL 4927144, at *9 (E.D. Va. Dec. 17, 2009).

In his Motion for Default Judgment, Plaintiff requests damages in the amount of $135,000, the principal of the loan, plus $1,837.59, the amount of interest Plaintiff has incurred on the home equity loan he used to obtain the $135,000, for a total of $136,837.59. (Dkt. No. 13 at 13.) However, Plaintiff pled only $135,000 in damages on the breach of contract claim in his Complaint. (Compl. ¶ 75.) Because Plaintiff's recovery is limited to the amount pled in the complaint, the undersigned concludes that Plaintiff is entitled to recover $135,000 in damages.

### C. Pre-Judgment Interest

Virginia law governs the award of pre-judgment interest in diversity cases. *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999) (citation omitted). Virginia

Code § 8.01-382 provides that a district court "may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Whether to award pre-judgment interest is within the sound discretion of the district court. *Hitachi*, 166 F.3d at 633; *accord Dairyland Ins. Co. v. Douthat*, 449 S.E.2d 799, 801 (1994). Based on the underlying record and circumstances of this case, the undersigned finds that an award of pre-judgment interest is appropriate. Accordingly, the undersigned recommends an award of pre-judgment interest on $135,000.00 at the rate of six percent per annum to be calculated from June 4, 2014, the day on which the loan repayment was due.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that the Plaintiff's Motion for Default Judgment be **GRANTED in part and DENIED in part**. The undersigned recommends that the Motion be granted as to entry of default judgment against Defendant Richard Hagen on Count VI of the complaint, breach of contract. Accordingly, the undersigned recommends that an Order be entered awarding $135,000 in damages, plus pre-judgment interest on the $135,000.00 at the rate of six percent per annum to be calculated from June 4, 2014. The undersigned recommends that the Motion be denied in all other respects.

## VI. NOTICE

**By mailing copies of this report and recommendation, the parties are notified as follows. Objections to this report and recommendation must, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and**

**recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and the *pro se* defendants.

/s/
Ivan D. Davis
United States Magistrate Judge

October 29, 2015
Alexandria, Virginia

15