IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICHAEL GLASER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14-cv-1726 (LMB/IDD) |
| | ) |
| RICHARD HAGEN, et al. | ) |
| | ) |
| Defendants. | ) |

ORDER

On October 29, 2015 a magistrate judge issued a Report and Recommendation [Dkt. No. 17] ("Report") in which he recommended that plaintiff's Motion for Default Judgment [Dkt. No. 10] be granted in part and denied in part. Specifically, he recommended that all claims against co-defendant Marie Hagen be dismissed because the court did not have personal jurisdiction over her. Report at 4. As to the remaining defendant, Richard Hagen, he recommended that a judgment of $135,000, plus interest at the rate of six (6) percent per annum calculated from June 4, 2014, be entered in plaintiff's favor on the breach of contract claim. Id. at 13-14. He also found that plaintiff failed to establish that he was entitled to recover on any of his other claims and denied him any additional damages. Id. at 8-13.

The parties were advised that any objection to the Report had to be filed within 14 days and that failure to file an objection would waive appellate review of a judgment based on the Report. Id. at 14-15. On November 13, 2015, plaintiff timely filed an objection to the recommendation that he be denied relief on his claims for actual and constructive fraud. See Pl.'s Objection to Report & Recommendations [Dkt. No. 18] at 1. He did not object to the finding that

the court lacked personal jurisdiction over Marie Hagen, nor did he contest the Report's rejection of his other claims or of his request for an additional $1,837.59 in damages.[1]

When a party files objections to a Report, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court may also "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Id.

The magistrate judge correctly found that this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) as the parties are fully diverse, the plaintiff being a resident of Virginia and both defendants being residents of Maryland, and the amount in controversy exceeds $75,000. The magistrate judge also correctly found that venue was proper in this district and that the court had personal jurisdiction over defendant Richard Hagen because the allegations establish that he conducted business in this district and the cause of action arose from that business. See Va. Code § 8.01-328.1(A)(1); 28 U.S.C. § 1391(b)(2). The record also shows that Richard Hagen was properly served with the complaint and summons and failed to respond to the complaint in any manner.

Lastly, the magistrate judge referred to the correct law in evaluating plaintiff's complaint and its various causes of action; however, he erred in applying that law to the allegations in the complaint. Specifically, the magistrate judge erroneously found that the complaint did not allege

---

[1] Plaintiff submitted an affidavit in support of his Motion for Default Judgment in which he avers under the penalty of perjury that in addition to losing his $135,000 investment he incurred $1,837.59 in interest charges on the home equity loan which he used to generate the $135,000. Because plaintiff failed to request those damages in his complaint, the magistrate judge correctly recommended denying plaintiff that relief. See Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); see also Sheet Metal Workers' Nat. Pension Fund v. Frank Torrone & Sons, Inc., No. 1:04CV1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005) "[I]n default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount."). Although plaintiff referred to "interest paid on a home equity loan" in his complaint, Compl. ¶ 43, he did not plead the specific amount of that interest and therefore is not entitled to recovery of that amount by a default judgment.

actual fraud with the specificity required by Fed. R. Civ. P. 9(b), which requires that a plaintiff "state with particularity the circumstances constituting fraud." See Report at 10-11.

Because this civil action is in default, the allegations in the complaint must be accepted as true. See Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); see also GlobalSantaFeCorp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). In the instant action, those allegations establish, among other facts, that on May 21, 2014, Richard Hagen called the plaintiff and represented that a "convenience store deal was finally in its final stages and prepared to close in the next few days." Compl. ¶ 21. Defendant also told plaintiff that "he and his uncles were seeking an investment by Plaintiff in order to 'buy out' other investors" in the deal. Id. ¶ 22. Plaintiff decided not to make the investment, but ultimately agreed to loan defendant $135,000, in reliance on defendant's representations that he would repay the loan within five business days and because of the personal relationship between the parties. Id. ¶¶ 25-26. Plaintiff further alleged that he and the defendant agreed that the loan would mature on June 4, 2014 and the money lent would be wired back to plaintiff on June 6, 2014. Id. ¶ 28. Plaintiff alleges that the defendant never repaid him but that defendant provided "myriad excuses" for his failure to pay, including statements "that the funds were in 'transit'" and that a courier had delivered a check to the wrong address, among other "fabricated excuses...designed as stalling tactics to deceive Plaintiff." Id. ¶¶ 29-35.

These allegations, and the reasonable conclusions which can be drawn from them, are sufficient to state a claim for actual fraud. See Evaluation Research Corp. v. Alequin, 439 S.E.2d 387, 390 (Va. 1994) (enumerating the six elements required to state a claim for actual fraud as:

"(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled"). Defendant falsely represented that he would repay the loan within five business days, a material fact. His subsequent misrepresentations and ultimate failure to pay demonstrate that he made this representation knowingly and with the intent to mislead plaintiff, and plaintiff was damaged after reasonably relying on defendant's misrepresentation. Moreover, plaintiff's allegations set forth the "time, place, and content of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783-84 (4th Cir. 1999) (citation omitted). Accordingly, the magistrate judge's rejection of the actual fraud claim was in error.

Because the magistrate judge only recommended a judgment based on a breach of contract claim, he did not consider plaintiff's request for emotional distress and punitive damages, which could only be awarded if the fraud claim survived. Specifically, plaintiff's Motion for Default Judgment seeks $200,000 in punitive damages.[2] Mot. for Default J. at 8. A prevailing plaintiff in a fraud claim may be entitled to punitive damages if there is a showing of "actual malice, or such recklessness or negligence as to evidence a conscious disregard of the rights of others." Jordan v. Suave, 247 S.E.2d 739, 741 (Va. 1978) (quoting Giant of Va. v. Pigg, 152 S.E.2d 271, 277 (Va. 1967)) (internal quotation marks omitted). Plaintiff's allegations establish that the defendant engaged in a pattern of conduct wherein he preyed upon former colleagues, defrauded multiple investors, and abused his relationship with plaintiff to benefit monetarily. Compl. ¶¶ 26, 36-37. Such conduct does support an award of punitive damages, although the amount sought by plaintiff is excessive given the amount of loss involved. Accordingly, the Court will award plaintiff $50,000 in punitive damages.

---

[2] In plaintiff's complaint, he requested $600,000 in punitive damages.

Plaintiff also seeks $125,000 for emotional distress and mental anguish, Mot. for Default J. at 7, claiming that he suffered "anxiety and stress" that has "impacted [his] ability to sleep and...caused [him] to become distrustful of others." Glaser Decl. ¶ 17. Although such damages may be available where a defendant has committed an intentional tort such as fraud, particularly where "harm to the feelings of the prospective victim was readily foreseeable," Sea-Land Serv., Inc. v. O'Neal, 297 S.E.2d 647, 653 (Va. 1982), plaintiff's general claims, without more, are insufficient to justify an award of emotional distress damages. Plaintiff has not submitted any evidence of medical bills, described any concrete symptoms such as headaches, or identified any specific injury. Therefore, no damages will be awarded for emotional distress.

Lastly, reasonable attorney's fees and costs are available to plaintiff on the actual fraud claim, particularly because of defendant's "callous, deliberate, [and] deceitful acts." See Prospect Dev. Co., Inc. v. Bershader, 515 S.E.2d 291, 301 (Va. 1999) ("[I]n a fraud suit, a chancellor, in the exercise of his discretion, may award attorney's fees to a defrauded party" but "must consider the circumstances surrounding the fraudulent acts and the nature of the relief granted to the defrauded party."). Both the hourly rates cited by counsel and the hours worked support the requested fees. Accordingly, it is hereby

ORDERED that a default judgment in favor of the plaintiff on the actual fraud claim in Count I be and is entered in plaintiff Michael Glaser's favor against defendant Richard Hagen in the total amount of $186,837.59 with pre-judgment interest at six (6) percent starting June 4, 2014 through February 5, 2016, and it is further

ORDERED that a concurrent judgment of $135,000 be and is entered in plaintiff's favor with the same interest provision, and it is further

ORDERED that plaintiff is also awarded $10,125.50 in attorney's fees and costs, and it is further

ORDERED that defendant Marie Hagen and Counts II, III, IV, and V be and are DISMISSED from this civil action.

The Clerk is directed pursuant to Fed. R. Civ. P. 55 to enter a final default judgment in plaintiff's favor against Richard Hagen in the total amount of $186,837.59 plus judgment interest at the federal rate plus $10,125.50 in attorney's fees and costs and to forward a copy of this Order to counsel of record for plaintiff and to defendant at the address listed in the case file.

Entered this 5th day of February, 2016.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge